# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LUBOMIR MATAVKA,                                        )
                                                        )
                    Plaintiff,                    )
                                                        )
              v.                                 )      Case No. 15 C 10330
                                                        )
BOARD OF EDUCATION OF J. STERLING                       )
MORTON HIGH SCHOOL DISTRICT 201,                        )
                                                        )
               Defendant.                     )

## MEMORANDUM ORDER

Board of Education of J. Sterling Morton High High School District 201 ("Morton High") has filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the Amended Complaint ("AC") brought against it by Lubomir Matavka ("Matavka"), in which he seeks recovery for asserted violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Matavka alleges that while employed by Morton High he experienced severe harassment from his coworkers and supervisors, including taunts that he was "gay" and should "suck it" (AC ¶ 16), frequent jokes about his perceived homosexuality (AC ¶ 31), the hacking of his Facebook account to identify him publicly as "interested in "boys and men"" (AC ¶ 33) and an email stating "U . . . are homosexual" (AC ¶ 37).

In Morton High's view that appalling conduct dooms Matavka's recovery because harassment based on sexual orientation is not actionable under Title VII. And for that proposition Morton High can cite -- and has cited -- numerous authorities that bind this Court. To take just one example, Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc., 224 F.3d 701,

704 (7th Cir. 2000) (internal citations, quotation marks and footnote omitted) put that proposition in these terms:

> The phrase in Title VII prohibiting discrimination based on sex means that it is unlawful to discriminate against women because they are women and against men because they are men. In other words, Congress intended the term "sex" to mean "biological male or biological female," and not one's sexuality or sexual orientation.  Therefore, harassment based solely upon a person's sexual preference or orientation (and not on one's sex) is not an unlawful employment practice under Title VII.

Because it is difficult to escape the conclusion that Matavka's harassment was rooted in his perceived sexual orientation, Hamner -- the holding of which was echoed shortly thereafter by Spearman v. Ford Motor Co., 231 F.3d 1080, 1085-86 (7th Cir. 2000) -- would appear to bury Matavka's lawsuit.

But fortunately for Matavka his action may be spared by a recent ruling of the United States Equal Employment Opportunity Commission ("EEOC") that is prompting reconsideration of Title VII's breadth.  Less than a year ago Baldwin v. Foxx, Appeal No. 0120133080, 2015 WL 4397641, at *10 (July 15, 2015) reversed decades of EEOC guidance in finding persuasively that discrimination on the basis of sexual orientation is actionable under Title VII:

> We further conclude that allegations of discrimination on the basis of sexual orientation necessarily state a claim of discrimination on the basis of sex.  An employee could show that the sexual orientation discrimination he or she experienced was sex discrimination because it involved treatment that would not have occurred but for the individual's sex; because it was based on the sex of the person(s) the individual associates with; and/or because it was premised on the fundamental sex stereotype, norm, or expectation that individuals should be attracted only to those of the opposite sex.

While that ruling does not of course bind this Court, a case argued before our Court of Appeals on September 30, 2015 and awaiting decision -- Hively v. Ivy Tech Cmty. Coll., No. 15-1720 -- is poised to revisit the question whether sexual orientation discrimination is

indeed sex discrimination in light of <u>Baldwin</u>. Should <u>Hively</u> follow recent district court decisions[1] in finding <u>Baldwin</u> persuasive, that finding plainly would affect the disposition of Morton High's motion. That being so, the prudent course at present is to stay this matter pending the issuance of a decision in <u>Hively</u> -- a decision that should clarify whether Matavka's AC can be sustained.

Accordingly Morton High's motion is ordered stayed, and the parties are ordered to appear for a status hearing at 9 a.m. July 29, 2016. Because that date has obviously been chosen arbitrarily (to avoid any prospect of this case's falling between the figurative tracks), two qualifications are called for:

1.   If <u>Hively</u> should be decided in the interim, it is expected that either party will bring the matter on before this Court by motion promptly thereafter; or

2.   failing such a motion as the status hearing date approaches, this Court will issue a minute order vacating that date and setting a replacement date.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 31, 2016

---

[1]   See, e.g., <u>Isaacs v. Felder Servs., LLC</u>, 2015 WL 6560655, at *3 (M.D. Ala. Oct. 29); <u>Videckis v. Pepperdine Univ.</u>, 2015 WL 8916764, at *8 (C.D. Cal. Dec. 15).